UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOUIS COLMAN,<br>　　　　Plaintiff,<br>　　v.<br>CONTRA COSTA COUNTY, et al.,<br>　　　　Defendants. | Case No. 17-cv-02947-KAW (PR)<br><br>**ORDER OF SERVICE** |

　　　　Plaintiff Louis Colman, incarcerated at the Martinez County Jail, has filed a *pro se* civil rights action pursuant to 42 U.S.C. § 1983, alleging the violation of his constitutional rights by Contra Costa County, Contra Costa County Deputy Sheriff D. Tindall and Contra Costa County Sergeants Cushman and Baldwin. Plaintiff has consented to the jurisdiction of the undersigned United States Magistrate Judge over this action. Plaintiff's motion for leave to proceed *in forma pauperis* is granted in a separate order. The Court now reviews Plaintiff's complaint.

**DISCUSSION**

**I. Preliminary Review of Complaint**

　　　　A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b)(1), (2). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

　　　　Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the

claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Liability may be imposed on an individual defendant under 42 U.S.C. § 1983 if the plaintiff can show that the defendant's actions both actually and proximately caused the deprivation of a federally protected right. *Lemire v. Cal. Dept. Corrections & Rehabilitation*, 756 F.3d 1062, 1074 (9th Cir. 2013); *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988). A person deprives another of a constitutional right within the meaning of section 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. *Id.* at 633.

Under no circumstances is there respondeat superior liability under § 1983. *Lemire*, 756 F.3d at 1074. Or, in layman's terms, under no circumstances is there liability under section 1983 solely because one is responsible for the actions or omissions of another. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *Ybarra v. Reno Thunderbird Mobile Home Village*, 723 F.2d 675, 680-81 (9th Cir. 1984). A supervisor may be liable under § 1983 upon a showing of (1) personal involvement in the constitutional deprivation or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. *Henry A. v. Willden*, 678 F.3d 991, 1003-04 (9th Cir. 2012) (citing *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011)).

Local governments and police departments are "persons" subject to liability under 42 U.S.C. § 1983 where official policy or custom causes a constitutional tort. *Shaw v. Cal. Dep't of Alcoholic Beverage Control*, 788 F.2d 600, 604-05 & n.1 (9th Cir. 1986); *Brewster v. Shasta County*, 275 F.3d 803, 812 (9th Cir. 2001). However, a municipality or police department may not be held vicariously liable for the unconstitutional acts of its employees under the theory of respondeat superior. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). To impose

municipal liability under Section 1983 for a violation of constitutional rights, a plaintiff must show: (1) that the plaintiff possessed a constitutional right of which he or she was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional rights; and (4) that the policy is the moving force behind the constitutional violation. *Plumeau v. School Dist. #40 County of Yamhill*, 130 F.3d 432, 438 (9th Cir. 1997). Proof of random acts or isolated incidents of unconstitutional action by non-policymaking employees are insufficient to establish the existence of a municipal policy or custom. *Rivera v. County of Los Angeles*, 745 F.3d 384, 398 (9th Cir. 2014).

**II. Plaintiff's Allegations**

The complaint alleges the following:

On August 9, 2016, Plaintiff was incarcerated in the Contra Costa County Detention Center. Plaintiff was in the A module when Deputy D. Tindall ordered him to get to the ground. Plaintiff complied by lying face down on the ground. Deputy Tindall then punched Plaintiff in the back of his head, then turned Plaintiff on his left side and punched him in the face, chest and other parts of his body, causing substantial injury. Sergeants Baldwin and Cushman were present during this incident, but did not intercede.

Based on Plaintiff's experience and knowledge of other instances of excessive force by deputy sheriffs against prisoners incarcerated at the Contra Costa County Detention Center, Plaintiff believes that Contra Costa County has a long-standing practice, policy or custom of allowing its deputies to use excessive force against inmates that result in substantial injury or death.

**CONCLUSION**

1. Liberally construed, the allegations appear to give rise to a cognizable excessive force claim against all named defendants.

2. The Clerk of the Court shall mail <u>a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the complaint (docket no. 1) and all attachments thereto, a copy of this Order and a copy of the form "Consent or Declination to Magistrate Judge Jurisdiction" to Contra Costa County Deputy Sheriff D. Tindall,</u>

<u>Contra Costa County Sergeants Cushman and Baldwin and Contra Costa County at the Contra Costa County Detention Center.</u>  This form can also be found at [www.cand.uscourts.gov/civilforms](www.cand.uscourts.gov/civilforms).  The Clerk shall also mail a copy of the complaint and a copy of this Order to the Office of the Contra Costa County Counsel in Martinez, and a copy of this Order to Plaintiff.

      3.  Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure require them to cooperate in saving unnecessary costs of service of the summons and complaint.  Pursuant to Rule 4, if Defendants, after being notified of this action and asked by the Court, on behalf of Plaintiff, to waive service of the summons, fail to do so, they will be required to bear the cost of such service unless good cause be shown for their failure to sign and return the waiver forms.  If service is waived, this action will proceed as if Defendants had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendants will not be required to serve and file an answer before <u>sixty</u> days from the date on which the request for waiver was sent.  (This allows a longer time to respond than would be required if formal service of summons is necessary.)

      Defendants are advised to read the statement set forth at the foot of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons.  If service is waived after the date provided in the Notice but before Defendants have been personally served, the answer shall be due <u>sixty</u> days from the date on which the request for waiver was sent or <u>twenty</u> days from the date the waiver form is filed, whichever is later.

      4.  Defendants shall file their Consent or Declination to Magistrate Judge Jurisdiction on or before the date their answer is due.

      5.  The following briefing schedule shall govern dispositive motions in this action:

         a.  No later than <u>thirty</u> days from the date the answer is due, Defendants shall file a motion for summary judgment or other dispositive motion.  If Defendants file a motion for summary judgment, it shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56.  If Defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the Court prior to the date the

4

summary judgment motion is due. All papers filed with the Court shall be promptly served on Plaintiff.

At the time of filing the motion for summary judgment or other dispositive motion, Defendants shall comply with the Ninth Circuit's decision in *Woods v. Carey*, 684 F.3d 934 (9th Cir. 2012), and provide Plaintiff with notice of what is required of him to oppose a summary judgment motion. If the motion is based on non-exhaustion of administrative remedies, Defendants must comply with the notice and procedural requirements in *Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2014). *See Stratton v. Buck*, 697 F.3d 1004, 1008 (9th Cir. 2012).

      b. Plaintiff's opposition to the motion for summary judgment or other dispositive motion shall be filed with the Court and served on Defendants no later than <u>twenty-eight</u> days after the date on which Defendants' motion is filed. The Ninth Circuit has held that the following notice should be given to *pro se* plaintiffs facing a summary judgment motion:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted [in favor of the defendants], your case will be dismissed and there will be no trial.

*Rand v. Rowland*, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc).

Before filing his opposition, Plaintiff is advised to read the notice that will be provided to him by Defendants when the motion is filed, and Rule 56 of the Federal Rules of Civil Procedure and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that because he bears the burden of proving his allegations in this

case, he must be prepared to produce evidence in support of those allegations when he files his opposition to Defendants' summary judgment motion. Such evidence may include sworn declarations from himself and other witnesses to the incident, and copies of documents authenticated by sworn declaration. Plaintiff will not be able to avoid summary judgment simply by repeating the allegations of his complaint.

The same evidentiary requirement applies if the defendants file a motion for summary judgment for failure to exhaust administrative remedies. To oppose this motion, Plaintiff must present any evidence he may have which tends to show that he did exhaust administrative remedies or was excused from doing so. Again, the evidence may be in the form of declarations, that is statements of fact from himself or other witnesses signed under penalty of perjury, copies of documents accompanied by a declaration showing where they came from and why they are authentic, or discovery documents such as answers to interrogatories or depositions. In considering a summary judgment motion for failure to exhaust administrative remedies, the Court can decide disputed issues of fact with regard to this portion of the case. *See generally Albino*, 747 F.3d at 1172-73; *Stratton*, 697 F.3d at 1008.

    c. Defendants <u>shall</u> file a reply brief no later than <u>fourteen</u> days after the date Plaintiff's opposition is filed.

    d. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

6. Discovery may be taken in this action in accordance with the Federal Rules of Civil Procedure. No further court order pursuant to Rule 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

7. All communications by Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or their counsel.

8. It is Plaintiff's responsibility to prosecute this case. He must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion.

9. Extensions of time are not favored, though reasonable extensions will be granted. Any

motion for an extension of time must be filed no later than three days prior to the deadline sought to be extended.

IT IS SO ORDERED.

Dated: October 6, 2017

_____
KANDIS A. WESTMORE
United States Magistrate Judge